# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIKA M. LANGENBACH,**

    **Plaintiff,**

    **v.**                          Case No. 12-CV-1019

**WAL-MART STORES, INC.,**

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S
## EXPEDITED MOTION FOR PROTECTIVE ORDER

This is an action for employment discrimination. Before the court are competing versions of protective orders proposed by the parties. The defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), and the plaintiff, Erika M. Langenbach ("Langenbach"), each move for the entry of a protective order limiting the disclosure of certain documents the parties deem confidential. Wal-Mart moves the court to enter a version of the protective order limiting the use of documents produced by the defendant to this litigation (Def.'s Br., Docket # 18); Langenbach moves the court to enter a version of the protective order that would allow plaintiff's counsel to use documents obtained in this case in other litigation with Wal-Mart. (Pl.'s Br., Docket # 20). For the reasons stated in this opinion, I do not adopt either proposed order but invite the defendant to supplement its motion and the parties to address deficiencies in their proposed orders.

### BACKGROUND

On October 8, 2012, Langenbach filed a complaint against Wal-Mart alleging violations of the Family and Medical Leave Act ("FMLA"). On February 6, 2013, Langenbach amended her complaint to add allegations of sex discrimination and discriminatory pay. On January 18, 2013,

Langenbach served her first set of discovery requests on Wal-Mart, requesting documents that Wal-Mart states are confidential and proprietary documents, including management guides regarding the handling and administration of leave and accommodation requests and documents regarding Wal-Mart's calculation of compensation for managerial employees. (Declaration of Erik Eisenmann ("Eisenmann Decl.") ¶ 2, Docket # 19.)

On March 26, 2013, Wal-Mart served its responses and objections to plaintiff's discovery requests, along with more than 500 pages of responsive documents. (Eisenmann Decl. ¶ 3.) Wal-Mart's counsel advised Langenbach's counsel that he was prepared to produce additional documents, including compensation information; however, the documents contained sensitive and confidential business information and Wal-Mart required the entry of a protective order before production. (Eisenmann Decl. ¶ 4.) Counsel for Langenbach objected to the following language contained in the initial draft of the protective order proposed by Wal-Mart: "Confidential material may be disclosed only to the extent necessary for conducting this litigation . . . ." (Affidavit of Katherine M. Vander Pol "Vander Pol Aff." ¶ 7, Ex. A, Docket # 21 and # 21-1.) Langenbach's counsel informed Wal-Mart's counsel that she may use documents produced in this case in connection with a case currently pending in the Western District of Wisconsin, *Ladik, et al. v. Wal-Mart Stores, Inc.*, Case No. 13-CV-123. (Eisenmann Decl. ¶ 8.) Like this case, the *Ladik* case involves allegations of sex discrimination and disparate pay and treatment in violation of Title VII. (Eisenmann Decl. ¶ 6.) However, discovery has not yet begun in the *Ladik* case and Wal-Mart expects that discovery will not proceed in the near term. (Eisenmann Decl. ¶ 7.)

Wal-Mart argues that the material sought in this case—management guides and confidential company compensation document—are proprietary to Wal-Mart and would be harmful to the

company if disseminated. (Def.'s Br. at 3.) Specifically, Wal-Mart argues that its training and compensation structure is one of the ways the company differentiates itself from companies that compete for the same management employees. (*Id.*) Thus, Wal-Mart seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(G). (*Id.*) Langenbach argues that the Federal Rules of Civil Procedure do not bar parties from using discovery obtained in one lawsuit in other litigation. (Pl.'s Br. at 2.) Further, Langenbach argues that the plaintiffs in other sex discrimination cases against Wal-Mart are entitled to the same material that is discoverable in this dispute and allowing materials obtained in this lawsuit to be used in other lawsuits eliminates the time and expense involved in "re-discovery." (*Id.* at 3.)

## ANALYSIS

The parties each file a proposed protective order that follows the standard protective order language laid out in Civil Local Rule 26(e) (E.D. Wis.). They disagree as to which proposed protective order should be entered by the court (Wal-Mart's version restricting use of documents to this litigation or Langenbach's version with unrestricted use). However, the court must first address whether there is good cause to grant a proposed protective order at all. This is so even where parties stipulate to a protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists.").

The court cannot enter a generic protective order concealing unspecified amounts and types of information. This is because pretrial discovery must, as a general proposition, occur in the public eye, unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178

- 3 -

Case 2:12-cv-01019-NJ   Filed 06/25/13   Page 3 of 8   Document 22

F.3d 943, 945–46 (7th Cir.1999) (noting presumption of public access to discovery materials). Rule 26(c) of the Federal Rules of Civil Procedure allows the court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946. In the instant case, both proposed protective orders state that material may be designated as "Confidential" when a party believes in good faith that it contains "trade secrets or nonpublic technical, commercial, financial, personal, or business information." (Vander Pol Aff. ¶ 7, Ex. A at 2, Docket # 21-1 and Ex. C at 2, Docket # 21-3.)

Wal-Mart argues Langenbach seeks management guides and confidential company compensation documents and states that this "is the sort of confidential business information that falls squarely within the category of documents contemplated by Fed. R. Civ. P. 26(c)(1)(G)." (Def.'s Br. at 3.) Wal-Mart further argues that it treats these documents internally as confidential and it would be harmful to the company if the documents were disseminated. (*Id.*) However, regardless of Rule 26, there is "no absolute privilege for trade secrets and similar confidential information." *Federal Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979). Documents cannot be kept confidential simply because a party asserts the documents are by their nature confidential documents. *See Baxter Internat'l Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002) (finding that a document cannot be deemed confidential "because we say so"). Further, a document cannot be confidential based on conclusory statements that a party will be harmed. *See id.* (finding that a document cannot be deemed confidential on the ground that it could "harm [defendant's] competitive position"). Rather, to establish "good cause" and protect confidential business

- 4 -

information under Rule 26(c), the party seeking confidentiality must show a "clearly defined and very serious injury" that will result from disclosure. *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (internal citation and quotation omitted). Accordingly, so the court can determine whether good cause exists to secret the documents, Wal-Mart should describe the number of documents and the nature of the documents, as well as the specific injury that will occur if the documents are disclosed.

Even assuming the parties had shown good cause for the entry of either of the proposed protective orders, the parties dispute whether the protective order can restrict the use of documents to this litigation. As Wal-Mart acknowledges, there is no automatic prohibition in the Federal Rules of Civil Procedure against using discovery obtained in one litigation in another litigation. *See Grady*, 594 F.2d at 597 ("[S]everal district courts have refused to enter protective orders which prevent disclosure to others litigating similar issues on the grounds that the Federal Rules of Civil Procedure do not foreclose collaboration in discovery. . . ."). The court sees competing interests. Fed. R. Civ. P. 1 states that the Rules should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding. The sharing of discovery materials ultimately may further the goals of Rule 1 by eliminating the time and expense involved in "re-discovery." *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 546 (N.D. Ind. 1991). On the other hand, if discovery obtained in one action would not be discoverable in a second action, a party gains a windfall if permitted to use the documents obtained in the first action against its opponent in the second action. *See Milsen Co. v. Southland Corp.*, No. 71 C 575, 1972 WL 536, *1 (N.D. Ill. Feb. 22, 1972) (quoting *Crabtree v. Hayden Stone, Inc.*, 43 F.R.D. 281, 283 (S.D.N.Y. 1967) (stating the

"purpose of discovery is 'to enable the parties to prepare for trial with respect to their own bond fide existing claims'").

The court sees an appropriate compromise. The court will permit plaintiff's counsel to use the discovery produced in this action in other actions they have brought or may bring against Wal-Mart, but only to the extent that the documents would also be discoverable in such other litigation. Thus, this contemplates plaintiff's counsel making a document request in the secondary action for the documents at issue. Should the documents already produced by Wal-Mart be discoverable and responsive to the document request, then Wal-Mart need not re-produce the document. Further, any use of the files by plaintiff's counsel in a secondary action will be subject to the confidentiality protections set forth in any protective order entered into in this case, unless the court issues a different protective order in the secondary case. Thus, in revising the proposed protective order, the parties are to make the provisions addressing use of documents consistent with this decision.

Additionally, the court sees several additional deficiencies in the terms of the parties' proposed protective orders. First, the parties must ensure that the order is specific as to the categories of documents deemed confidential. It appears Wal-Mart is concerned about the disclosure of management guides and compensation documents. If so, the protective order must narrowly address these categories of documents.

Second, as the court stated in *Citizens First Nat'l Bank of Princeton*, the protective order must make explicit that either party and any interested member of the public can challenge the secreting of particular documents. 178 F.3d at 946. While both proposed orders provide a procedure for the parties to challenge the designation of confidentiality, the proposed orders fail to provide a procedure for members of the public to challenge the confidentiality designation. This should be addressed in any revised proposed order.

- 6 -

Finally, the proposed protective order appears to make the documents designated confidential bear that designation indefinitely. ("All provisions of this Agreement shall be binding during the pendency of, and after the conclusion of, this action.") (Docket 21-1 at 6, Docket # 21-3 at 7.) Any revised proposed order must make explicit that the agreement is limited to pretrial discovery. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945.

## CONCLUSION

To address the deficiencies in the proposed protective orders, the parties must establish good cause for entry of such an order by describing the types of information they deem confidential in a narrowly-tailored and specific manner, explaining the defined and serious injury that will result from disclosure of the information. Further, a revised protective order proposal should include language consistent with this decision regarding use of discovery materials in other litigation, include a mechanism for any interested member of the public to challenge the confidential designation of a document, and should be limited to pretrial discovery. The court invites the parties to address these inadequacies and file a modified proposed protective order. If the modified protective order is consistent with the requirements of Rule 26(c) and Seventh Circuit case law, the court will enter it.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendant's Expedited Motion for Protective Order (Docket # 22) is **DENIED**. The court will not enter either parties' protective order as currently proposed. However, the court invites the parties to address the deficiencies articulated in the decision and file a modified proposed protective order. The parties are to file any modified proposed protective order by **July 9, 2013**.

Dated at Milwaukee, Wisconsin this 25th day of June, 2013.

                                        BY THE COURT

                                        *s/Nancy Joseph*
                                        NANCY JOSEPH
                                        United States Magistrate Judge