# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIKA M. LANGENBACH,**

    **Plaintiff,**

    **v.**                                                                        Case No. 12-CV-1019

**WAL-MART STORES, INC.,**

    **Defendant.**

## PROTECTIVE ORDER

    Before the Court is the Joint Motion for Protective Order filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") and Plaintiff Erika Langenbach ("Plaintiff"). The Court, having found good cause, enters the following Order, which provides that the safekeeping, disclosure and other use of all documents produced by Plaintiff Erika M. Langenbach, Wal-Mart, or on behalf of any of them in response to any pretrial discovery in the above-captioned action (including but not limited to documents produced, answers to interrogatories, answers to requests for admission and deposition testimony) shall be governed by the following terms and conditions:

    1.    *Scope.* This Order applies to all materials produced or adduced in the course of pretrial discovery, however produced or reproduced, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "document(s) or material(s)"). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to pretrial discovery and that the protections it affords extends only to the limited

information or items that are entitled under this Order and under applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in paragraph 8 below, that this Order does not, by itself, authorize the filing of any document under seal.

2. *Confidential Material*. As used in this Order, "Confidential material" means information designated as Confidential by the producing party that falls within one or more of the following categories: (a) Defendant's Management Guidelines regarding the management selection process, hiring process, and interviewing guidelines, as well as related data and correspondence; (b) information regarding the Defendant's Management Compensation structure, including but not limited to its incentive compensation plan; (d) Plaintiff's medical records; and (e) Plaintiff's income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms.

3. *Designation*. Subject to paragraph 2 above, the parties may designate a document as Confidential material by affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document. Designation as Confidential shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If it is not practical to mark each page of a document, as in the case of a bound publication, the cover of such document shall be so marked. If not practical to so mark the material itself, a container for, or a tag attached to, the material shall be so marked.

For all documents produced after execution of this Agreement, except for documents produced for inspection at the parties' or their agents' facilities, the designation of Confidential material shall occur prior to or contemporaneously with production or disclosure of the document. For documents produced for inspection at the location of the parties' facilities or agents, the documents may be designated and marked Confidential after inspection, but before they are copied

and produced. For those documents produced prior to entry of this Order, the parties shall have thirty (30) days from the date of this Order within which to designate any documents as Confidential. There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked Confidential pursuant to this procedure.

4. *Depositions*. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential material until the expiration of the following: no later than the 30th day after the deposition transcript is delivered to any party or witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. *Protection of Confidential Material.*

    a) *General Protections*. Subject to section 6 below, Confidential material shall be used only for the purposes of this litigation and not for any other litigation, business or other purposes whatsoever.

    b) *Control of Documents*. All Confidential material and all copies of documents referring to Confidential material shall be kept by counsel in an appropriately safe place. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") or documents or information designated as Confidential under this rule, or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" if those words to not already appear

- 3 -

thereon. No photocopies of Confidential material shall be made except for use by those persons with access to such material pursuant to this Order. The parties shall not retain Confidential material outside of the office of their attorneys, except as necessary for the prosecution of this action, and all such Confidential material shall be returned to the parties' counsel when such preparation is completed. Further, the parties shall treat all notes and memoranda concerning the contents of Confidential material produced as Confidential. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

  c) *Limited Third Party Disclosure*.  Subject to section 6 below, Confidential material may be disclosed only to the extent necessary for conducting this litigation, only when such disclosure is accompanied by a copy of this Order and only to the following categories of persons:

    i. Parties to this litigation;

    ii. The attorneys of record for parties to this litigation and their duly-authorized legal, paralegal, or stenographic employee(s);

    iii. Consultants, consulting attorneys and expert witnesses retained by counsel with respect to any aspect of the prosecution of this action and not for any other purpose and who, in advance of any such disclosure, have consented in writing to be bound by the provisions of this Order;

    iv. Non-party deposition witnesses whose testimony is or may be taken, provided that prior to any disclosure, such witnesses have agreed in writing to be bound by the terms of this Order;

    v. Court reporters, to the extent deemed necessary by counsel;

    vi. The Court; and

vii. Other persons only be written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6. *Use of Confidential material in Secondary or Other Litigation.* Notwithstanding section 5 above, Plaintiff's counsel (Nichols Kaster, PLLP) may use material which has been designated hereunder as Confidential in secondary or other litigation involving Wal-Mart, to the extent the Confidential material is also discoverable in such litigation. To be entitled to use such Confidential material, Plaintiff's counsel must make a document request for the documents at issue in accordance with the Federal Rules of Civil Procedure (or analogous state or administrative procedural rules), and give Wal-Mart an opportunity to object to the production and/or use in the secondary litigation. Should the Confidential documents be discoverable and responsive to such request, Wal-Mart need not re-produce the documents. Any use of Confidential material in secondary or other litigation will be subject to the confidentiality provisions set forth in this Order, unless the party designating the material as Confidential agrees otherwise in writing or a court order directs otherwise.

7. *Inadvertent Failure to Designate.* Inadvertent disclosure of Confidential material to an opposing party without identifying the same as Confidential shall not be deemed a waiver of confidentiality with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material inadvertently disclosed and designated shall, upon receipt by the receiving party of notice of the inadvertent disclosure, be returned to the disclosing party promptly for appropriate marking. The receiving party shall keep no copies or reproductions, shall make no use whatsoever of the material inadvertently disclosed and shall treat the documents as confidential from the time the materials are designated as such orally or in writing. If, prior to receiving such notice, the receiving party has disseminated the Confidential material to individuals not authorized to receive it hereunder, it shall make a reasonable effort to

retrieve the Confidential material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential material. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential material.

8. *Filing of Confidential Information*. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential under seal in connection with a motion, brief, or other submission to the Court must comply with General Local Rule 79.

9. *Challenges by Members of the Public to Sealing Orders*. A party or interested member of the public has the right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

10. *Challenges by a Party to Designation as Confidential material*. The designation of any document as Confidential is subject to challenge by any party. In the event that either party disagrees at any stage of these proceedings with the propriety of a designation by the supplying party of any information, the parties shall first try to resolve such disagreement in good faith on an informal basis. Either party may, at any time, object to the designation of material as Confidential by giving written notice identifying the material to which the objection is directed. If the parties are unable to resolve their differences after reasonable efforts, either may file an appropriate motion requesting the Court rule the disputed material be treated as non-confidential material. The parties shall not be obligated

to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge.

11. *Action by the Court*. Applications to the Court for an order relating to materials or documents designated as Confidential shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. *Use of Confidential Material at Trial*. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. If testimony respecting Confidential information is elicited during a hearing or at trial, counsel for the parties may, by motion, request at the hearing or trial that a designated portion of the transcript be treated as Confidential. The Court may thereafter make sure orders as are necessary to govern the use of such documents or information at trial.

13. *Obligations on Conclusion of Litigation*.

a) *Order Continues in Force*. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to appeal.

b) *Obligations at Conclusion of Litigation*. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Confidential material and documents marked "Confidential" under this Order, including copies as defined in section 5(b), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving

party, that party elects to destroy the documents and certifies to the producing party that it has done so.

      c) *Retention of Work Product and One Set of Filed Documents*. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential material so long as that work product does not duplicate verbatim substantial portions of Confidential material; and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, subject to section 6 above.

      14. *No Waiver*. The entry of this Order shall not be construed as: (a) an agreement that any information designated as Confidential is in fact confidential, even in the absence of an objection; (b) an agreement by any party to produce or supply any particular information; (c) a waiver by any party of its right to object to any discovery sought by any other party; (d) a waiver of any privilege; or (e) a waiver to any objection as to admissibility at trial. Production, receipt or designation pursuant to this Order of Confidential material shall not be construed as a concession by any party that such information is relevant or material to any issue in this case.

      15. *Order Subject to Modification*. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. Nothing in this Order shall prevent the parties from agreeing to amend the Order.

      16. *No Prior Judicial Determination*. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated

Confidential by counsel or the parties is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. *Service*. The parties will be served by their own counsel with a copy of this Order. It shall be the responsibility of the attorneys for the respective parties to this action to take all reasonable and proper steps to ensure strict compliance with the provisions of this Order in their dealings with Confidential information, and it shall further be the responsibility of such attorneys to take all reasonable and proper steps to ensure that this Order and all its provisions are made known to any person who shall examine Confidential material.

18. *Persons Bound*. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, parties, and person made subject to this Order by its terms.

**IT IS HEREBY ORDERED**, that the above-referenced terms and conditions regarding confidentiality shall govern the handling of documents hereinafter produced in the course of discovery, answers to interrogatories, answers to requests for admission and deposition testimony.

Dated at Milwaukee, Wisconsin this 10th day of July, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge