UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Erika M. Langenbach,

    Plaintiff,

v.

                              Case No. 12-CV-1019

Wal-Mart Stores, Inc.,

    Defendant.

**DEFENDANT'S RESPONSE PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET I**

Defendant Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant"), by its attorneys, Whyte Hirschboeck Dudek S.C., hereby responds to Plaintiff's Requests for Production of Documents, Set I, as follows:

## GENERAL OBJECTIONS AND LIMITATIONS OF RESPONSES

In addition to any specific objections and limitations stated below in Defendant's responses to Plaintiff's Requests for Production of Documents, Set I, Wal-Mart incorporates the following objections and limitations into each of its responses.

1.    In light of the fact that Defendant may not have fully completed its investigation of all matters that may be relevant or subject to these discovery requests, the answers to these Discovery requests have been made to the best of Defendant's knowledge based on information currently known to Defendant. Pursuant to the Federal Rules of Civil Procedure related to discovery in civil cases, Defendant reserves the right to produce any subsequently discovered information and/or to supplement or modify its answers herein.

EXHIBIT A

2. Defendant objects to the discovery requests insofar as they are vague, ambiguous, overly broad or burdensome, irrelevant and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant specifically objects to the discovery requests insofar as they seek information that is not reasonably related to incidents, occurrences, timeframes or subject matters involving Erika Langenbach.

4. Defendant objects to the discovery requests insofar as they seek information that is confidential and protected by the attorney-client privilege or attorney work-product doctrine, including hearing and/or trial preparation materials. Any information covered by this general objection will not be produced. If documents are to be produced that in part contain information covered by this general objection, where appropriate Defendant will produce the documents with the protected information redacted.

5. Defendant objects to the discovery requests insofar as they seek information that is confidential and proprietary business or private information, including, but not limited to, trade secrets, personnel information, financial data, customer information, self-critical analyses or any other highly sensitive information or documentary material.

6. Defendant objects to the discovery requests insofar as they seek personal or private information regarding individuals other than Erika Langenbach. This personal or private information is confidential. Such confidential or private information that is otherwise discoverable will not be provided unless subject to the terms of a Protective Order.

7. Defendant objects to the discovery requests insofar as they ask it to provide information that is not within its possession, custody or control, thereby compelling Defendant to speculate when answering.

8. Defendant objects to the discovery requests insofar as they require answers or the production of documents that are neither appropriate nor required under the Federal Rules of Civil Procedure. Thus, Defendant declines any obligation to (a) locate or interview former employees, representatives, agents, consultants or any other person not currently employed or engaged by Wal-Mart; (b) generate documents not currently existing; (c) describe any unsuccessful efforts to respond to any request; (d) locate any document or tangible thing not in its possession, custody or control; (e) add to or change the meaning of any request in the conjunctive or disjunctive; and (f) respond to any portion or aspect of an interrogatory not described with reasonable particularity by the express language of the request.

9. Defendant's answers to the discovery requests do not concede the relevancy, materiality or admissibility of the information produced and are made without prejudice to Defendant's right to object to further discovery. Defendant's answers are subject to and without waiver of any objection to the competency, overbreadth, relevancy, materiality, privileged nature or admissibility of the information produced for any other purpose.

10. Defendant objects to these discovery requests to the extent they seek to require it to identify or produce documents that are equally available to Plaintiff as they are to Defendant.

11. Defendant objects to the instructions and definitions preceding the discovery requests to the extent that they are beyond the scope of applicable Federal Rules of Civil Procedure related to discovery in civil cases.

12. Defendant objects to each request that asks it to identify "each and every" or "all" information or other things of a certain description. Defendant objects to each such request because seeking "each and every" or "all" information or other things in the context of this litigation is overly broad and unduly burdensome, and such discovery requests seek information

which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant indicates that it is identifying information or other things in response to a particular request, such a response is meant to indicate that Defendant has made a good faith effort to identify such information and/or other things by communicating with those persons, departments and/or office(s) from whom it is believed, in good faith, that such information may be obtained.

13. In answering the discovery requests, Defendant may or may not specifically reference a General Objection. If Defendant does not specifically reference a General Objection in answering a particular request, the General Objections remain applicable to that interrogatory.

14. Defendant reserves the right to object to the use of any answer produced pursuant to these discovery requests in any subsequent proceeding or in the hearing of this or any other action on any grounds.

15. Defendant reserves the right to object on any ground at any time to a demand for further responses to these discovery requests or to further discovery requests.

16. Information regarding matters after the date of termination of Erika Langenbach's employment are not relevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of admissible evidence and, therefore, Defendant objects to the identification or production of such information. Identification or production of specific information relating to matters after said date shall not be deemed a waiver as to other such information.

17. Defendant reserves the right at any time to revise, correct, add to, or clarify any of the responses herein.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All documents referenced and/or relied on to answer Plaintiff's Interrogatories and/or Requests for Admission.

**RESPONSE TO REQUEST NO. 1:** Relevant, responsive documents are produced herewith.

**REQUEST NO. 2:** All documents relating to any allegation contained in Plaintiff's Complaint or any defense or affirmative defense raised by Defendant, including, but not limited to, notes, memoranda, correspondence, e-mail or other documents.

**RESPONSE TO REQUEST NO. 2:** Wal-Mart objects to this request to the extent it seeks information that is protected by the Attorney-Client Privilege or Attorney Work-Product Doctrine. Notwithstanding the foregoing, and without waiving the same, relevant, responsive documents are produced herewith.

**REQUEST NO. 3:** All documents related to Plaintiff and/or her employment with Defendant, including, but not limited to, her personnel file, job duties, contracts, agreements, performance reviews, disciplinary documents, achievements and awards, promotion records, investigatory records, medical documents and requests for accommodations, FMLA leave records, payroll records, earnings records, time records, training records, work schedules, benefit documents, and complaint and investigation records.

**RESPONSE TO REQUEST NO. 3:** Relevant, responsive documents are produced herewith.

**REQUEST NO. 4:** All documents relating to any written or verbal reprimands, warnings, suspensions or other disciplinary measures received by Plaintiff since her date of hire.

**RESPONSE TO REQUEST NO. 4:** Relevant, responsive documents are produced herewith.

REQUEST NO. 5: All documents relating to Plaintiff's Family and Medical Leave Act ("FMLA") leave(s), medical or sick leave(s), short or long term disability leave(s), disabilities, and request(s) for accommodation requests.

RESPONSE TO REQUEST NO. 5: Relevant, responsive documents are produced herewith.

REQUEST NO. 6: All documents relating to requests for FMLA leave, sick leave, medical leave, disability leave, or other leaves of absence made by any individual who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's direction, supervision, or control from 1999 to the present.

RESPONSE TO REQUEST NO. 6: Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope ("any individual who worked under" Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley) of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

REQUEST NO. 7: All documents relating to any written or verbal reports, complaints or concerns made by any individual who worked for Defendant in the State of Wisconsin regarding any suspected or actual unlawful activity, including but not limited to alleged discriminatory or retaliatory conduct by Defendant or any of its agents or employees and/or Defendant's alleged failure to comply with the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, Minnesota Human Rights Act, Americans with Disabilities Act, or any other federal or state labor laws.

RESPONSE TO REQUEST NO. 7: Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the geographic breadth (the entire State of Wisconsin), the temporal breadth (from 1999 to the present), and the scope (any individual who

"raised concerns" about any "federal or state labor laws") of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 8:** All documents relating to any internal and external investigations and inquiries into reports, complaints, concerns or allegations made by individuals who worked for Defendant in the State of Wisconsin from 1999 to the present regarding alleged discriminatory or retaliatory conduct by Defendant or any of its agents or employees, and/or Defendant's alleged failure to comply with the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, Minnesota Human Rights Act, Americans with Disabilities Act, or any other federal or state labor laws.

**RESPONSE TO REQUEST NO. 8:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart further objects to the extent this request seeks documents that are protected by the Attorney-Client Privilege or Attorney Work-Product Doctrine. Wal-Mart specifically objects to the geographic breadth (the entire State of Wisconsin), the temporal breadth (from 1999 to the present), and the scope (any individual who "raised concerns" about any "federal or state labor laws") of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 9:** All documents relating to internal and external communications to or from Defendant, its agents or employees relating to Plaintiff, including but not limited to communications regarding Plaintiff's employment, performance, attendance, disciplinary action, medical issues and/or conditions, accommodations, requests for accommodations, complaints, and/or medical leave.

**RESPONSE TO REQUEST NO. 9:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, relevant, responsive documents are produced herewith.

**REQUEST NO. 10:** All documents relating to FMLA, disability, and/or medical leave, or requests for such leave, taken by any individual who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's supervision, control, or direction from 1999 to the present.

**RESPONSE TO REQUEST NO. 10:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope ("any individual who worked under" Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley) of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 11:** All documents relating to any medical work restrictions given to any individual who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's supervision, control, or direction from 1999 to the present.

**RESPONSE TO REQUEST NO. 11:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope ("any individual who worked under" Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley) of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 12:** All documents relating to the suspected or actual disability of any individual who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's supervision, control, or direction from 1999 to the present.

**RESPONSE TO REQUEST NO. 12:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope ("any individual who worked under" Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley) of

this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 13:** All documents relating to any requests for accommodation made by any individual who worked for Defendant in the State of Wisconsin from 1999 to the present.

**RESPONSE TO REQUEST NO. 13:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope (any request for accommodation made by "any individual who worked for Defendant in the State of Wisconsin") of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 14:** All documents relating to disciplinary action taken against John Fitzgerald, Courtney Wilcox and/or Mike Dooley.

**RESPONSE TO REQUEST NO. 14:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart further objects to the extent this request seeks confidential information regarding individuals other than the Plaintiff.

**REQUEST NO. 15:** All documents relating to the decision to terminate Plaintiff.

**RESPONSE TO REQUEST NO. 15:** Relevant, responsive documents are produced herewith.

**REQUEST NO. 16:** All documents relating to the decision to hire Plaintiff.

**RESPONSE TO REQUEST NO. 16:** Relevant, responsive documents are produced herewith.

**REQUEST NO. 17:** All documents relating to Defendant's efforts to engage in the interactive process with Plaintiff to determine whether reasonable accommodations were available prior to, during, and after her FMLA leave.

**RESPONSE TO REQUEST NO. 17:** Relevant, responsive documents are produced herewith.

**REQUEST NO. 18:** All documents reflecting directives, instructions, and/or feedback from John Fitzgerald, Courtney Wilcox and/or Mike Dooley relating to Plaintiff.

**RESPONSE TO REQUEST NO. 18:** Relevant, responsive documents are produced herewith.

**REQUEST NO. 19:** All documents relating to the structure and classification of Defendant's management system, including factors to consider, the impact of various classifications, and changes to such classifications since 1999.

**RESPONSE TO REQUEST NO. 19:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, relevant, responsive documents will be produced, subject to the entry of a protective order.

**REQUEST NO. 20:** All documents relating to any actions taken by Defendant to replace Plaintiff, her position, role or responsibilities during and/or after her separation from Defendant.

**RESPONSE TO REQUEST NO. 20:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:** All documents relating to medical conditions, disabilities, injuries, serious health conditions, or request for accommodation regarding any individual who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's direction, supervision, or control from 1999 to the present.

**RESPONSE TO REQUEST NO. 21:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope ("any individual who worked under" Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley) of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 22:** All documents related to medical conditions, disabilities, injuries, serious health conditions, or request for accommodation regarding any individual who worked for Defendant in the State of Wisconsin from 2008 to the present.

**RESPONSE TO REQUEST NO. 22:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the geographic breadth (the entire state of Wisconsin), temporal breadth (from 2008 to the present), and the scope of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 23:** All documents related to statements, comments, testimony, or expected statements or testimony of witnesses, potential witnesses, and persons interviewed in connections with this case.

**RESPONSE TO REQUEST NO. 23:** Wal-Mart objects to this request to the extent it seeks documents protected by the Attorney-Client Privilege and/or Attorney Work-Product Doctrine.

**REQUEST NO. 24:** All documents relating to or establishing the job description, job duties, terms or conditions for every position held by Plaintiff when employed by Defendant.

**RESPONSE TO REQUEST NO. 24:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, relevant, responsive documents will be produced, subject to the entry of a protective order.

**REQUEST NO. 25:** All documents displaying and/or describing Defendant's organizational structure and/or hierarchy.

**RESPONSE TO REQUEST NO. 25:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 26:** All documents Defendant provided to or received from the Equal Employment Opportunity Commission or Wisconsin Equal Rights Division relating to any allegations of discrimination or retaliation/reprisal made by any individual who worked for Defendant in the State of Wisconsin, from 1999 to the present.

**RESPONSE TO REQUEST NO. 26:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the geographic breadth (the entire state of

WHD/9214649.2                    12

Case 2:12-cv-01019-NJ    Filed 08/05/13    Page 12 of 15    Document 29-1

Wisconsin), temporal breadth (from 1999 to the present), and the scope of this request ("all documents" relating to claims made by "any individual"), as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**REQUEST NO. 27:** All documents Defendant provided to or received from the Equal Employment Opportunity Commission or Minnesota Department of Human Rights relating to the Subject Matter of this Lawsuit.

**RESPONSE TO REQUEST NO. 27:** Relevant, responsive documents are produced herewith.

**REQUEST NO. 28:** All documents obtained from any third parties relating to this matter.

**RESPONSE TO REQUEST NO. 28:** Wal-Mart objects to this request as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart further objects to the extent the request seeks documents that are protected by the Attorney-Client Privilege and/or Attorney Work-Product Doctrine.

**REQUEST NO. 29:** All documents relating to all employee handbook policies or procedures, trainings, and practices, including those written and unwritten, that have been in effect from the commencement of Plaintiff's employment with Defendant to the present, including, but not limited to, those regarding discrimination, FMLA leave, disability leave, promotions, the career preferences system, the Management-in-Training program, Performance Improvement Plans and other progressive disciplinary action, shift transfers, seniority, and incentive/bonus compensation.

**RESPONSE TO REQUEST NO. 29:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, relevant, responsive documents will be produced, subject to the entry of a protective order.

**REQUEST NO. 30:** All documents relating to any incentive and/or bonus compensation provided for working the night shift for Defendant.

**RESPONSE TO REQUEST NO. 30:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, relevant, responsive documents will be produced, subject to the entry of a protective order.

**REQUEST NO. 31:** All documents reflecting any requirement or suggestion that Defendant's employees must be capable of working without medical restriction.

**RESPONSE TO REQUEST NO. 31:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, relevant, responsive documents will be produced, subject to the entry of a protective order.

**REQUEST NO. 32:** All documents that you identify in your Rule 26(a)(1) Initial Disclosures.

**RESPONSE TO REQUEST NO. 32:** Relevant, responsive documents are produced herewith.

**REQUEST NO. 33:** All documents that you anticipate will be referred to or relied upon by any person, including, but not limited to, your expert witness(es), at depositions or in trial.

**RESPONSE TO REQUEST NO. 33:** Wal-Mart objects to this request as premature. Wal-Mart will produce relevant, responsive documents, if applicable, when required to do so by the Court's Scheduling Order.

**REQUEST NO. 34**: All documents relied upon, consulted, or reviewed by, or provided to, your expert witness(es) in connection with this action.

**RESPONSE TO REQUEST NO. 34**: Wal-Mart objects to this request as premature. Wal-Mart will produce relevant, responsive documents, if applicable, when required to do so by the Court's Scheduling Order.

**REQUEST NO. 35**: All insurance policies or contracts for insurance that may cover the claims at issue it this lawsuit.

**RESPONSE TO REQUEST NO. 35**: No responsive documents exist.

**REQUEST NO. 36**: All statements of witnesses, potential witnesses, or persons interviewed in connection with this case.

**RESPONSE TO REQUEST NO. 36**: Wal-Mart objects to this request to the extent it seeks documents that are protected by the Attorney-Client privilege and/or Attorney Work Product Doctrine.

Dated this 26th day of March, 2013.

*[signature]*
Thomas C. Ewing
State Bar No. 1017418
Erik K. Eisenmann
State Bar No. 1081410
Attorneys for Wal-Mart Stores East, L.P.
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone: 414-273-2100
Fax: 414-223-5000
Email: tewing@whdlaw.com
Email: eeisenmann@whdlaw.com