UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Erika M. Langenbach,

    Plaintiff,

v.

Wal-Mart Stores, Inc.,

    Defendant.

Case No. 12-CV-1019

---

### DEFENDANT'S RESPONSE PLAINTIFF'S INTERROGATORIES TO DEFENDANT, SET I

Defendant Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant"), by its attorneys, Whyte Hirschboeck Dudek S.C., hereby responds to Plaintiff's Interrogatories to Defendant, Set I, as follows:

### GENERAL OBJECTIONS AND LIMITATIONS OF RESPONSES

In addition to any specific objections and limitations stated below in Defendant's responses to Plaintiff's Interrogatories to Defendant, Set I, Wal-Mart incorporates the following objections and limitations into each of its responses.

1.    In light of the fact that Defendant may not have fully completed its investigation of all matters that may be relevant or subject to these discovery requests, the answers to these Discovery requests have been made to the best of Defendant's knowledge based on information currently known to Defendant. Pursuant to the Federal Rules of Civil Procedure related to discovery in civil cases, Defendant reserves the right to produce any subsequently discovered information and/or to supplement or modify its answers herein.

EXHIBIT B

2. Defendant objects to the discovery requests insofar as they are vague, ambiguous, overly broad or burdensome, irrelevant and/or not reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant specifically objects to the discovery requests insofar as they seek information that is not reasonably related to incidents, occurrences, timeframes or subject matters involving Erika Langenbach.

4. Defendant objects to the discovery requests insofar as they seek information that is confidential and protected by the attorney-client privilege or attorney work-product doctrine, including hearing and/or trial preparation materials. Any information covered by this general objection will not be produced. If documents are to be produced that in part contain information covered by this general objection, where appropriate Defendant will produce the documents with the protected information redacted.

5. Defendant objects to the discovery requests insofar as they seek information that is confidential and proprietary business or private information, including, but not limited to, trade secrets, personnel information, financial data, customer information, self-critical analyses or any other highly sensitive information or documentary material.

6. Defendant objects to the discovery requests insofar as they seek personal or private information regarding individuals other than Erika Langenbach. This personal or private information is confidential. Such confidential or private information that is otherwise discoverable will not be provided unless subject to the terms of a Protective Order.

7. Defendant objects to the discovery requests insofar as they ask it to provide information that is not within its possession, custody or control, thereby compelling Defendant to speculate when answering.

8. Defendant objects to the discovery requests insofar as they require answers or the production of documents that are neither appropriate nor required under the Federal Rules of Civil Procedure. Thus, Defendant declines any obligation to (a) locate or interview former employees, representatives, agents, consultants or any other person not currently employed or engaged by Wal-Mart; (b) generate documents not currently existing; (c) describe any unsuccessful efforts to respond to any request; (d) locate any document or tangible thing not in its possession, custody or control; (e) add to or change the meaning of any request in the conjunctive or disjunctive; and (f) respond to any portion or aspect of an interrogatory not described with reasonable particularity by the express language of the request.

9. Defendant's answers to the discovery requests do not concede the relevancy, materiality or admissibility of the information produced and are made without prejudice to Defendant's right to object to further discovery. Defendant's answers are subject to and without waiver of any objection to the competency, overbreadth, relevancy, materiality, privileged nature or admissibility of the information produced for any other purpose.

10. Defendant objects to these discovery requests to the extent they seek to require it to identify or produce documents that are equally available to Plaintiff as they are to Defendant.

11. Defendant objects to the instructions and definitions preceding the discovery requests to the extent that they are beyond the scope of applicable Federal Rules of Civil Procedure related to discovery in civil cases.

12. Defendant objects to each request that asks it to identify "each and every" or "all" information or other things of a certain description. Defendant objects to each such request because seeking "each and every" or "all" information or other things in the context of this litigation is overly broad and unduly burdensome, and such discovery requests seek information

which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant indicates that it is identifying information or other things in response to a particular request, such a response is meant to indicate that Defendant has made a good faith effort to identify such information and/or other things by communicating with those persons, departments and/or office(s) from whom it is believed, in good faith, that such information may be obtained.

13. In answering the discovery requests, Defendant may or may not specifically reference a General Objection. If Defendant does not specifically reference a General Objection in answering a particular request, the General Objections remain applicable to that interrogatory.

14. Defendant reserves the right to object to the use of any answer produced pursuant to these discovery requests in any subsequent proceeding or in the hearing of this or any other action on any grounds.

15. Defendant reserves the right to object on any ground at any time to a demand for further responses to these discovery requests or to further discovery requests.

16. Information regarding matters after the date of termination of Erika Langenbach's employment are not relevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of admissible evidence and, therefore, Defendant objects to the identification or production of such information. Identification or production of specific information relating to matters after said date shall not be deemed a waiver as to other such information.

17. Defendant reserves the right at any time to revise, correct, add to, or clarify any of the responses herein.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all individuals who provided information and/or documents in response to these Interrogatories and/or Requests for Production of Documents; specifying the Interrogatories, and/or Requests for Production of Documents for which each individual provided information.

**RESPONSE TO INTERROGATORY NO. 1:** Wal-Mart objects to this interrogatory as overbroad, and further objects to the extent it seeks information protected by the Attorney-client privilege or Attorney Work-Product doctrine. Notwithstanding the foregoing, and without waiving the same, Wal-Mart states that information and/or documents referenced herein were provided by members of Wal-Mart's in-house legal staff, at the direction and under the supervision of counsel.

**INTERROGATORY NO. 2:** With respect to Plaintiff, state the following:

a. Date of hire and each position change;

b. Hours worked each month during Plaintiff's employment with Defendant;

c. Hours of FMLA leave approved and hours used each month during Plaintiff's employment with Defendant;

d. Rates of salary and commissions during her employment for each position held, including earnings for each month, and all fringe benefits to which Plaintiff was entitled, including holidays, vacation pay, pension plan, insurance programs and bonus incentives.

**RESPONSE TO INTERROGATORY NO. 2:** Defendant objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, Wal-Mart responds by producing copies of Plaintiff's personnel documents, which include information

regarding Plaintiff's date of hire and position changes, hours worked, FMLA leave, and earnings information.

**INTERROGATORY NO. 3:** State whether Plaintiff was ever evaluated, investigated, or appraised and, if so, state the dates of the evaluation(s) or investigation(s), identify the individual(s) responsible for such evaluation or investigation, and summarize the evaluation(s) or investigation(s).

**RESPONSE TO INTERROGATORY NO. 3:** Wal-Mart objects to this request as overbroad and unduly burdensome, and specifically objects to the request that Wal-Mart "summarize" documents and/or information as inconsistent with the applicable discovery rules. Notwithstanding the foregoing, and without waiving the same, Wal-Mart responds by producing copies of Plaintiff's personnel documents, which include copies of relevant evaluations.

**INTERROGATORY NO. 4:** State all written or verbal reprimands, warnings, suspensions or other disciplinary measures received by Plaintiff since her date of hire; state the date and nature of the offenses; and name the supervisor(s) and witness(es) involved.

**RESPONSE TO INTERROGATORY NO. 4:** Wal-Mart objects to this request as overbroad and unduly burdensome. Notwithstanding the foregoing, and without waiving the same, Wal-Mart responds by producing copies of Plaintiff's personnel documents, which includes copies of warnings and disciplinary measures received by Plaintiff during her employment with Wal-Mart.

**INTERROGATORY NO. 5:** Identify all individuals who supervised Plaintiff in any way during her employment with Defendant, including the dates in which she was supervised by such individuals.

**RESPONSE TO INTERROGATORY NO. 5:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculate to lead to the discovery of

admissible evidence. Notwithstanding the foregoing, and without waiving the same, Wal-Mart responds by producing copies of Plaintiff's personnel documents, which include documents identifying individuals who supervised Plaintiff during her employment with Wal-Mart. See also Wal-Mart's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).

**INTERROGATORY NO. 6:** Describe in detail the basis for each of your affirmative defenses, including the evidence which may support them and witness(es) who may have information in support of and contrary to them.

**RESPONSE TO INTERROGATORY NO. 6:** Wal-Mart objects to this request as overbroad and unduly burdensome. Wal-Mart further objects to this request as cumulative, as it seeks to combine multiple separate interrogatories into one request, in violation of the applicable discovery rules. Notwithstanding the foregoing, and without waiving the same, Wal-Mart states as follows.

Regarding Wal-Mart's first affirmative defense, Plaintiff's original complaint in this matter was filed on October 8, 2012. The applicable statutes of limitation on Plaintiff's FMLA and EPA claims are two years. Thus, allegations regarding discrimination or violation of Plaintiff's rights under the FMLA that occurred before October 8, 2010 are untimely, and may not be considered for purposes of this litigation.

Regarding Wal-Mart's second affirmative defense, Plaintiff was required to file an individual complaint of discrimination with the EEOC by May 25, 2012. To date, Plaintiff has been unable to provide evidence that establishes that Plaintiff's EEOC charge was timely filed.

Wal-Mart's third through ninth affirmative defenses are self-evident speak for themselves. Discovery is ongoing.

**INTERROGATORY NO. 7:** Describe in detail the basis for each denial, partial denial, and other paragraph in your Answer to the Complaint and in your responses to Plaintiff's Requests for Admission that are not an unqualified admission, including the evidence which may support each non-admission and witnesses who may have information to support or contradict the Answer.

**RESPONSE TO INTERROGATORY NO. 7:** Wal-Mart objects to this request as overbroad and unduly burdensome. Wal-Mart further objects to this request as cumulative, as it seeks to combine multiple separate interrogatories into one request, in violation of the applicable discovery rules. Notwithstanding the foregoing, and without waiving the same, relevant, responsive documents that support Wal-Mart's answers and denials are produced herewith.

**INTERROGATORY NO. 8:** Identify all employee handbook policies or procedures, trainings, and practices, including those written and unwritten, that have been in effect from the commencement of Plaintiff's employment with Defendant to the present, including, but not limited to, those regarding discrimination, FMLA leave, disability leave, promotions, the career preferences system, the Management-in-Training program, Performance Improvement Plans and other progressive disciplinary action, shift transfers, seniority, and incentive/bonus compensation.

**RESPONSE TO INTERROGATORY NO. 8:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, Wal-Mart responds by producing copies of certain company policies and procedures, including documents regarding anti-discrimination, leave, promotion, career preferences, management training, progressive discipline, seniority, and incentive/bonus compensation, subject to the entry of a protective order.

**INTERROGATORY NO. 9:** Describe all internal and external communications to or from Defendant, its agents or employees relating to Plaintiff, including but not limited to communications regarding Plaintiffs employment, performance, attendance, disciplinary action, medical issues and/or conditions, accommodations, requests for accommodations, complaints, and/or medical leave.

**RESPONSE TO INTERROGATORY NO. 9:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart further objects to the extent this request seeks information of documents protected by the Attorney-Client Privilege or Attorney Work-Product Doctrine. Notwithstanding the foregoing, and without waiving the same, Wal-Mart responds by producing copies of Plaintiff's personnel documents, which include documents regarding Plaintiff's employment, performance, attendance, requests for leave, and related issues.

**INTERROGATORY NO. 10:** Identify all individuals who worked for Defendant in the State of Wisconsin from 1999 to the present and who verbally or in writing reported, complained or raised concerns about suspected or actual unlawful activity, including but not limited to alleged discriminatory or retaliatory conduct by Defendant or any of its agents or employees and/or Defendant's alleged failure to comply with the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, Minnesota Human Rights Act, Americans with Disabilities Act, or any other federal or state labor laws. For each individual identified, state the their full name, last known address and telephone number, position(s), date of hire, and position changes if any, and describe the content and format of the report, complaint, or concern.

**RESPONSE TO INTERROGATORY NO. 10:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to geographic breadth (the entire State of Wisconsin), the temporal breadth (from 1999 to the present), and the scope (any employee who "raised concerns" about any "federal or state labor laws") of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**INTERROGATORY NO. 11:** Describe in detail all internal and external investigations and inquiries, into reports, complaints, concerns or allegations made by individuals who worked for Defendant in the State of Wisconsin from 1999 to the present regarding alleged discriminatory or retaliatory conduct by Defendant or any of its agents or employees, and/or Defendant's alleged failure to comply with the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, Minnesota Human Rights Act, Americans with Disabilities Act, or any other federal or state labor laws.

**RESPONSE TO INTERROGATORY NO. 11:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart further objects to the extent the request seeks information that is protected by the Attorney-Client Privilege or Attorney Work-Product Doctrine. Wal-Mart specifically objects to geographic breadth (the entire State of Wisconsin), the temporal breadth (from 1999 to the present), and the scope (any employee who "raised concerns" about any "federal or state labor laws") of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**INTERROGATORY NO. 12:** Identify all persons you know or believe may have information or knowledge, or who you believe may have the same, with respect to any factual matters relevant or material to the claims of Plaintiff, or the defenses of Defendant, and for each person identified state the following:

    a. Subject matter of such person's knowledge;

    b. The date, place, and circumstances of obtaining such knowledge or information; and

    c. Whether such person has been interviewed by Defendant or by its representatives either prior to or subsequent to the commencement of the present action.

**RESPONSE TO INTERROGATORY NO. 12:** Wal-Mart objects to this request as overbroad and unduly burdensome. Wal-Mart further objects to the extent the request seeks information protected by the Attorney-Client Privilege or Attorney Work-Product Doctrine. Notwithstanding the foregoing, and without waiving the same, Wal-Mart states that the following individuals may have information or knowledge regarding the claims and defenses in this matter.

Chris Meidt

Mr. Meidt is the District Manager for Market 444, which contains Store #2658. He is familiar with Plaintiff's employment with Wal-Mart, Wal-Mart's Management-in-Training Program, Wal-Mart's hiring practices, and Wal-Mart's employment policies and practices.

Mike Dooley

Mr. Dooley is the Store Manager of Store #2658 in West Bend, Wisconsin, and is familiar with Plaintiff's employment with Wal-Mart, Plaintiff's performance as an Assistant Manager, Plaintiff's compensation, and Wal-Mart's employment policies and practices.

John Fitzgerald

Mr. Fitzgerald is the Store Manager of Store #3030 in Milwaukee, Wisconsin, and is familiar with Plaintiff's employment with Wal-Mart, Plaintiff's performance as an Assistant Manager, and Wal-Mart's employment policies and practices.

Courtney Wilcox

Ms. Wilcox is an Assistant Manager at Store #2958 in Appleton, Wisconsin, and is familiar with Plaintiff's employment with Wal-Mart, Plaintiff's performance as an Assistant Manager, and Wal-Mart's employment policies and practices.

Adam Zastrow

Mr. Zastrow is a Store Manager at Store #1650 in Saukville, Wisconsin, and is familiar with Plaintiff's employment with Wal-Mart, Plaintiff's performance as an Assistant Manager, and Wal-Mart's employment policies and practices.

Jesse Volkert

Mr. Volkert is a Personnel Coordinator at Store #2658 in West Bend, Wisconsin, and is familiar with Plaintiff's employment with Wal-Mart, Plaintiff's compensation, Plaintiff's performance as an Assistant Manager, and Wal-Mart's employment policies and practices.

Joanne Massopust

Ms. Massopust is the Market HR Manager for Market 444, and is familiar with Plaintiff's employment with Wal-Mart, Plaintiff's request for FMLA and subsequent leave, Plaintiff's compensation, and Wal-Mart's employment policies and practices.

**INTERROGATORY NO. 13:** Identify all individuals who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's supervision, control, or direction from 1999 to the present; for each person identified, state their full name, last known address and telephone number, position(s), date of hire, position changes if any, date their employment ended (if applicable), and the reason for their departure from Defendant (if applicable).

**RESPONSE TO INTERROGATORY NO. 13:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope ("all individuals" who worked under Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley) of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**INTERROGATORY NO. 14:** Identify all individuals who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's supervision, control, or direction from 1999 to the present and requested and/or took FMLA, disability, and/or medical leave at any time during their employment; for each person identified, state their full name, last known address and telephone number, position(s), position changes if any, date(s) of employment, and date(s) and reason(s) for the leave.

**RESPONSE TO INTERROGATORY NO. 14:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope ("all individuals" who worked under Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley that "requested and/or took" leave) of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**INTERROGATORY NO. 15:** Identify all individuals who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's supervision, control, or direction from 1999 to the present and had medical work restrictions at any time during their employment; for each person identified, state their full name, last known address and telephone number, position(s), date(s) of employment, position changes if any, and date(s) and reason(s) for the leave.

**RESPONSE TO INTERROGATORY NO. 15:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the

present"), and the scope ("all individuals" who worked under Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley that "had medical work restrictions") of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**INTERROGATORY NO. 16:** Identify all individuals who worked under John Fitzgerald, Courtney Wilcox and/or Mike Dooley's supervision, control, or direction from 1999 to the present and had or were suspected to have a disability or medical condition of any kind; for each person identified, state their full name, last known address and telephone number, position(s), date(s) of employment, and position changes if any, and describe their disability or suspected disability or medical condition.

**RESPONSE TO INTERROGATORY NO. 16:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to the temporal breadth (from 1999 to the present), and the scope ("all individuals" who worked under Mr. Fitzgerald, Ms. Wilcox, or Mr. Dooley that "had or were suspected to have a disability or medical condition of any kind") of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**INTERROGATORY NO. 17:** Identify all individuals who worked for Defendant in the State of Wisconsin from 1999 to the present and requested any kind of accommodation for a medical condition, disability, injury, or serious health condition; for each person identified, state their full name, last known address and telephone number, position(s), date of hire, and position changes if any, and describe any known or suspected medical condition(s), the accommodation request(s), and outcome of the request(s).

**RESPONSE TO INTERROGATORY NO. 17:** Wal-Mart objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart specifically objects to geographic breadth (the entire State of Wisconsin), the temporal breadth (from 1999 to the present), and the scope (any employee who

"requested any kind of accommodation") of this request, as the information sought has no reasonable correlation to the specific allegations raised in Plaintiff's Complaint.

**INTERROGATORY NO. 18:** Describe in detail the reason(s) Defendant terminated Plaintiff's employment, including but not limited to the documents and information considered and/or reviewed, the individual(s) involved in the decision-malting process, and the pertinent dates and/or timeframes.

**RESPONSE TO INTERROGATORY NO. 18:** Plaintiff's employment was terminated after she failed to improve her performance as an Assistant Manager, despite being placed on a Performance Improvement Plan ("PIP"), and being given more than four days to address the specific deficiencies identified in the PIP. Wal-Mart further responds by producing copies of Plaintiff's personnel documents, which include documents and information regarding the PIP and the termination decision.

**INTERROGATORY NO. 19:** Describe Defendant's efforts to engage in the interactive process with Plaintiff, if any, to determine whether reasonable accommodations were available prior to, during, and after her FMLA leave.

**RESPONSE TO INTERROGATORY NO. 19:** Wal-Mart objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, and without waiving the same, Wal-Mart responds by producing Plaintiff's personnel documents, which include documents and information regarding Plaintiff's FMLA leave.

**INTERROGATORY NO. 20:** Identify every person by name and professional title or position whom you expect to call as a witness at the trial of this lawsuit.

**RESPONSE TO INTERROGATORY NO. 20:** Wal-Mart objects to this request as premature. Wal-Mart will identify the witnesses it intends to call at trial when it is required to do so pursuant to the applicable scheduling order entered by the Court.

**INTERROGATORY NO. 21:** Identify every person whom you expect to call as an expert witness at the trial of this lawsuit; for each witness identified in your answer, state the following:

    a.     the name and address of the witness;

    b.     the subject matter on which the expert is expected to testify;

    c.     the substance of the facts and opinions to which the expert is expected to testify; and

    d.     a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 21:** Wal-Mart objects to this request as premature. Wal-Mart will identify the expert witnesses it intends to call at trial when it is required to do so pursuant to the applicable scheduling order entered by the Court.

Dated this 26th day of March, 2013.

                                              AS TO OBJECTIONS:

                                              */s/ Thomas C. Ewing*
                                              Thomas C. Ewing
                                              State Bar No. 1017418
                                              Erik K. Eisenmann
                                              State Bar No. 1081410
                                              Attorneys for Wal-Mart Stores East, L.P.
                                              WHYTE HIRSCHBOECK DUDEK S.C.
                                              555 East Wells Street, Suite 1900
                                              Milwaukee, Wisconsin 53202-3819
                                              Telephone: 414-273-2100
                                              Fax: 414-223-5000
                                              Email: tewing@whdlaw.com
                                              Email: eeisenmann@whdlaw.com

AS TO ANSWERS TO INTERROGATORIES:

STATE OF WISCONSIN    )
                      ) SS
COUNTY OF WASHINGTON  )

Mike Dooley, sworn on oath, states:

I am the Store Manager of Wal-Mart Store 2658, located in West Bend, Wisconsin. Wal-Mart Stores, Inc. is the Defendant in this lawsuit, and I have knowledge regarding the allegations in the Complaint. I have read the responses to Plaintiff's interrogatories, subscribed by me, and know the contents thereof. The answers set forth herein, subject to inadvertent or undiscovered errors, are based on and limited by existing records and information, presently recollected and thus far discovered during the preparation of these answers. I consequently reserve the right to make any changes in the responses if it appears at any time that omissions or errors have been made or that more accurate information is available. Subject to these limitations the responses are true to the best of my knowledge, information, or belief.

_____
Mike Dooley

Subscribed and sworn to before me
this 22 day of March, 2013.

_____
Notary Public, State of Wisconsin
My Commission: 05/19/13

(Seal: RITA J. BARTHOLOMEW)

Case 2:12-cv-01019-NJ   Filed 08/05/13   Page 16 of 16   Document 29-2