ERIKA M. LANGENBACH,

    Plaintiff,

    v.                                                   Case No. 12-CV-1019

WAL-MART STORES, INC.,

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DISCOVERY

On October 8, 2012, the plaintiff, Erika M. Langenbach ("Langenbach") filed a complaint against the defendant Wal-Mart Stores, Inc. ("Wal-Mart") alleging violations of the Family and Medical Leave Act ("FMLA"). On February 6, 2013, Langenbach amended her complaint to add allegations of sex discrimination under Title VII of the Civil Rights Act of 1964 and discriminatory pay under the Equal Pay Act. Langenbach worked as Assistant Manager from 2008 until 2011 at Wal-Mart store #2658 in West Bend, Wisconsin. (Am. Compl. ¶¶ 17, 48-50, Docket # 15.)

Currently before the court is Langenbach's expedited non-dispositive motion to compel responses to plaintiff's requests for production Nos. 6-8, 10-13, 21, 22, 26, and 29; plaintiff's interrogatories Nos. 8, 10-11, 13-17; the continued deposition of Ms. Wilcox; production of deponents Joanne Massopust and Joseph Frankiewicz; and production of a deponent for the 30(b)(6) deposition.

Under Fed. R. Civ. P. 26(b)(1) parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought need not itself be

admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

In this case, the interrogatories and requests for production Langenbach seeks to compel responses to are overbroad as to time and geographic scope. Document Request Nos. 6, 8, 10-13, and 21 as well as Interrogatory Nos. 10, 11, and 13-17 request information from 1999 through the present. Request No. 7 has no temporal limitation. Subsequent to service of these requests, the parties generally reached an agreement limiting the temporal scope; however, the parties still have a slight disagreement on this matter. Langenbach has agreed to limit the discovery requests to 2008 until the present (Declaration of Kate Fisher ("Fisher Decl."), Ex. N, Docket # 29-14) whereas the defendant has agreed to produce certain documents from 2008 through 2011 (the time period Langenbach was employed as an Assistant Manager) (Fisher Decl., Ex. O, Docket # 29-15). The court finds it is not overly broad or unduly burdensome for the defendant to produce documents from 2008 until the present. Even though Langenbach was only employed as an Assistant Manager until 2011, courts commonly permit discovery for a reasonable number of years following the plaintiff's claim, and approximately two years is not unreasonable. *See, e.g.*, *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211-12 (D. Kan. 2002) (finding documents for a period of two years subsequent to the defendant's alleged conduct not overly broad); *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (same).

As to geographic scope, Document Request Nos. 7-8, 13, 22, and 26, as well as Interrogatory Nos. 10, 11, and 17 request information encompassing complaints, investigations, etc. for the entire State of Wisconsin. Here too, the parties have subsequently generally agreed to limit the requests. The plaintiff has agreed to limit the requests to the West Bend location or any other location

managed by Langenbach's district manager, Chris Meidt, and his predecessors (Docket # 29-14) whereas the defendant has agreed to produce relevant information for the West Bend location (where Langenbach was employed as an Assistant Manager). (Docket # 29-15). Langenbach has failed to show the relevance of information regarding stores managed by a predecessor to Langenbach's manager. However, as discovery in Title VII actions should generally be limited to employment units, departments, and sections in which there are employees similarly situated to plaintiff, *see Glenn v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002), it is proper for plaintiff to request documents both at the West Bend location where Langenbach worked and locations managed by Langenbach's district manager, Chris Meidt.

Turning to the type of information requested, the court finds the requests overbroad in several respects. Interrogatory Nos. 10-11 and Document Request Nos. 6-8 and 26 seek information about any and all alleged discrimination by the defendant, including alleged violations of the Minnesota Human Rights Act, Americans with Disabilities Act, or "any other federal or state labor laws." As one court faced with similarly broad requests aptly stated, Langenbach's requests "could not be more oceanic." *See Johnson v. Jung*, Nos. 02 C 5221, 04 C 6158, 2007 WL 1752608, *7 (N.D. Ill June 14, 2007). Discovery requests seeking disclosure of every conceivable type of discrimination ever made against a defendant are generally deemed overly broad and impermissible. *Id.* The cases cited by Langenbach do not stand for the proposition she claims. In *Sills v. Benedix Commercial Vehicles Sys., LLC*, No. 04-CV-149, 2005 WL 2777299 (N.D. Ill. March 3, 2005), the court did not allow discovery of any and all allegations of discrimination. Rather, the plaintiff in *Sills* alleged an FMLA claim and the court allowed discovery of other FMLA claims, not claims of discrimination generally. Further, Langenbach's quote from *Cardenas v. Prudential Ins. Co. of Am.*, Nos. 99-1421, 1422, and 1736, 2003

- 3 -

WL 244640 (D. Minn. Jan. 29, 2003) leaves out vital language that alters the meaning of the quote. Langenbach quotes the *Cardenas* court as stating that "there is ample case law holding that information about other discrimination claims is discoverable." (Pl.'s Br. at 4, Docket # 28.) What Langenbach leaves out is the remainder of the quote, in which the court states that "there is ample case law holding that information about other discrimination claims is discoverable in *such cases*," *Cardenas*, 2003 WL 244640, at *3 (emphasis added), referring to cases alleging a pattern or practice of discrimination. Even so, the *Cardenas* court stated that discovery should be limited to "the practices and classes at issue in the particular case." *Id.* at *2.

Discovery sought must be related to the type of discrimination alleged. *See, e.g.*, *Glenn*, 209 F.R.D. at 281 (other claims of discrimination against defendant are discoverable if limited to same form of discrimination); *Lyoch v. Anheuser-Busch Cos., Inc.*, 164 F.R.D. 62, 69 (E.D. Mo. 1995) (in case alleging discrimination based on age and sex, information concerning race of persons terminated was not relevant and, therefore, not discoverable); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 61 (D.N.J. 1985) (when complaint alleges discrimination based on race and age, information relating to possible discrimination based on sex, religion, national origin, or any other basis not relevant and, therefore, not discoverable); *Smith v. Community Fed. Sav. & Loan Ass'n*, 77 F.R.D. 668, 671 (N.D. Miss. 1977) (in action alleging racial discrimination in connection with hiring decisions, interrogatories seeking information about gender of other applicants not permissible).

Langenbach has made a claim under the FMLA, a claim for sex discrimination under Title VII, and a claim under the Equal Pay Act. For claims of sex discrimination, to establish a *prima facie* case of discrimination under the indirect method of proof, one of the elements a plaintiff must prove is that similarly situated others not in her protected class received more favorable treatment. *Brummett*

- 4 -

*v. Lee Enterprises, Inc.*, 284 F.3d 742, 744 (7th Cir. 2002). Employees are "similarly situated" if they are directly comparable in all material respects. *Serednyj v. Beverly Healthcare, Inc.*, 656 F.3d 540, 551 (7th Cir. 2011). "'This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" *Id.* (quoting *Radue v. Kimberly–Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir.2000)). Thus, regarding Document Request Nos. 6-8 and 26 and Interrogatory Nos. 10-11, the defendant has already agreed to supplement its production with responsive documents relating to requests for FMLA leave made by salaried management associates (i.e., those similarly situated) at the store Langenbach worked at from 2008 through 2011. (Docket # 29-15 at 2-5.) The defendant should provide this information for 2008 through the present, and include locations managed by Langenbach's district manager. The defendant should also produce documents responsive to the requests that pertain to Title VII sex discrimination and the Equal Pay Act.

Document Request Nos. 10-11 and 21-22 and Interrogatory Nos. 14-15 and 17 seem to be seeking information regarding potential comparators. However, these requests are also extremely overbroad. To the extent these requests seek information relevant to comparable employees seeking FMLA leave, the defendant should produce responsive information.

Document Request Nos. 12-13 and Interrogatory No. 16 seems to be asking for information relevant to claims under the Americans with Disabilities Act. These requests are not likely to lead to the discovery of admissible evidence as Langenbach has not alleged a claim under the ADA. Regarding Document Request No. 29 and Interrogatory Nos. 8 and 13, the defendant has agreed to supplement its responses (Docket # 29-15 at 4-5) and Langenbach has not shown why this is

- 5 -

insufficient. Thus, plaintiff's motion to compel responses to Document Request Nos. 12-13 and 29 and Interrogatory Nos. 8, 13, and 16 is denied.

Finally, regarding the continued deposition of Ms. Wilcox, the plaintiff makes no argument as to the necessity to continue the deposition of Ms. Wilcox beyond the fact the initial deposition lasted only one hour and forty minutes. (Pl.'s Br. at 3, Docket # 28.) Nor has the plaintiff made any argument to support compelling production of deponents Joanne Massopust and Joseph Frankiewicz and production of a deponent for the 30(b)(6) deposition. As the plaintiff acknowledges, the parties were given additional time, until August 30, 2013, to complete depositions previously noticed by either party. (Docket # 28 at 2.) Thus, there is still time to complete these depositions. As such, plaintiff's motion to compel these depositions is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to compel is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion to compel responses to plaintiff's Request for Production of Documents Nos. 6-8, 10-11, 21-22, and 26 and Interrogatory Nos. 10-11, 14-15, and 17 is **GRANTED IN PART AND DENIED IN PART**. The defendant should provide responsive information regarding the FMLA, Title VII sex discrimination, and the Equal Pay Act, for 2008 through the present, and include the West Bend location and other locations managed by Langenbach's district manager, Chris Meidt.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel responses to Request for Production of Documents Nos. 12-13 and 29 and Interrogatory Nos. 8, 13, and 16 is **DENIED**.

**FINALLY, IT IS ORDERED** that the plaintiff's motion to compel the continued deposition of Ms. Wilcox; production of deponents Joanne Massopust and Joseph Frankiewicz; and production of a deponent for the 30(b)(6) deposition is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of August, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge